UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WAMHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-671-JAR |
| | ) | |
| NAVY FEDERAL CREDIT UNION | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Navy Federal Credit Union's ("Navy Federal") motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. For reasons stated below, Defendant's motion to dismiss will be granted.

## Background

Plaintiff William Wamhoff originally filed this action in the Circuit Court of St. Louis County, Missouri on April 18, 2023. ECF No. 5. Plaintiff's pro se Petition raises claims against Navy Federal related to an allegedly fraudulent loan issued by Navy Federal to an account in Plaintiff's name. *Id.* Plaintiff alleges that Navy Federal has committed fraud and violated federal banking procedures in relation to its issuance of the loan. *Id.* Plaintiff requests that Navy Federal remove the loan from Plaintiff's account, remove the negative marks on Plaintiff's credit reports, and $100,000 in damages. *Id.*

Navy Federal timely removed the action to this Court based on diversity jurisdiction. ECF No. 1. Defendant then filed its motion to dismiss. ECF No. 8. In its motion, Navy Federal argues that Plaintiff's Petition fails to cite any federal banking law Navy Federal is to have

violated such that they are unable to determine the basis for Plaintiff's claim. *Id.* at 6–7. Navy Federal also argues that Plaintiff has failed to allege fraudulent conduct with the particularity required by Federal Rule of Civil Procedure 9(b). *Id.* at 7–8.

In response to Navy Federal's motion to dismiss, Plaintiff submitted a letter to the Court dated June 1, 2023, that did not address the arguments raised in Navy Federal's motion to dismiss. *See* ECF No. 9. On June 14, 2023, Navy Federal submitted a reply in support of its motion, which argues that Plaintiff's letter did not refute Navy Federal's bases for dismissal raised in its motion. ECF No. 10. On June 20, 2023, the Court issued an Order directing Plaintiff to show cause within fifteen (15) days why the Court should not rule on Defendant's unopposed motion. ECF No. 11. Plaintiff has not responded to the Court's Order, and his time to do so has passed. Navy Federal's motion is therefore unopposed.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). On a motion to dismiss, the Court accepts as true all factual allegations contained in

the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

Here, accepting all of Plaintiff's allegations as true, his Petition fails to state a claim against Navy Federal for either violation of federal banking procedures or fraud. Plaintiff cites no federal banking procedures Navy Federal is to have violated, nor does Plaintiff plead any fraudulent actions taken by Navy Federal that would sustain a claim of fraud. Without more factual allegations related to these claims, Plaintiff's Petition does not provide Navy Federal with sufficient notice of the claims being raised against it. As such, Plaintiff's Petition fails to state a claim against Navy Federal upon which relief can be granted and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff William Wamhoff's Petition is **DISMISSED without prejudice** per Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated this 14th day of July, 2023.

                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE